Earle, J.,
in his dissenting opinion in that case, says this distinction, that a person could at the same time be in one respect the alter ego of the superior, and in another a fellow-workman with an employee, was never recognized before; however that may be, it is recognized now. And though Crispin v. Babbitt was *468 decided by a bare majority of the court of appeals, the case of McCosker v. L. I. R. R. Co. was a unanimous decision following the rule adopted in Crispin v. Babbitt.
It is quite apparent that the accident in this case was occasioned by McCann’s failure to properly center the vessel before re-raising her, or in attempting to re-raise her at all, under the circumstances ; it was a thing which had never before been attempted. That is to say, McCann used bad judgment in the matter.
In Crispin v. Babbitt the “business and financial man” let on steam and started the machinery when he ought not to have done so. In McCosker v. Long Island R. R. Co., the yardmaster signaled the engine “ negligently and at the wrong time.” And in Slater v. Jewett the conductor neglected to direct the engineer to stop at a station when telegraphed to do so.
If, in these cases, defendants were excused from liability for the gross negligence of persons who were in charge of the business in hand, in the absence of their superiors, how can the defendant be held responsible for the bad judgment of its foreman about a mere matter of detail ?
The cases relied on by the respondent to take this case out of the rule laid down in Crispin v. Babbitt (Flike v. Boston & Albany R. R. Co., 53 N. Y. 549 ; Booth v. the same, 73 Id. 38 ; Fuller v. Jewett, 80 Id. 46) are easily distinguishable. The superior was held responsible in each one of these cases, because it deputed to an agent something which, as principal, it was bound to do, within the rule I have quoted as stated by Judge Folger.
In the first two cases, which arose out of the same accident, it was held to be the duty of the railroad, company to supply suitable machinery and sufficient help, and if it delegated either of these duties to an agent, no matter what Ms grade or position, Ms act in *469 that regard was the act of the defendant; and so, the railroad company was held responsible for an accident which arose because a heavy freight train was sent out with only two brakemen when it should have had three, and would have had three, but for the failure of a subordinate to awake the third, who had overslept .himself.
It is worthy of remark that Allen, Grover and Folger dissented from the decision in the Flike case. That decision, however, does not apply to the case before us, because there was no proof or claim on the trial which we are reviewing that sufficient help was not supplied by the defendant.
In Fuller v. Jewett an engineer had been killed by the explosion of a boiler, which, the judge says in his opinion, “ it is quite clear, upon the evidence, was in a dangerous condition at and prior to the time of the accident.” And it was held that, inasmuch as it was the duty of the corporation to keep its.machinery in proper condition, if it delegated that duty, the neglect of the person to whom it delegated it could be imputed to the company.
Under these cases, it seems to me quite clear that McCann was not the alter ego of the defendant, and that the learned judge below erred in refusing so to charge, and in charging that the defendant was responsible for acts of negligence imputable only to McCann.. For this error there should be a new trial.
Nor was the error cured by the finding of the jury that ratchets and pawls were out of order at the time the accident occurred. There was little, if any, evidence to sustain such a finding. It was based mainly upon conjecture. Nor does the evidence show, nor did the respondent’s counsel claim in his very elaborate and able argument before us, that the injury arose from any such cause.
*470 Judgment and order reversed and new trial ordered, with costs to abide the event.
Sedgwick, Ch. J., and Freedman, J., concurred.